

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

ENTERED
06/07/2019

| | | |
|---|---|---|
| IN RE: | § | |
| **JOSE SR. TREVINO,** *et al* | § | **CASE NO: 10-70594** |
| Debtors | § | |
| | § | **CHAPTER 13** |
| _____ | § | |
| **JOSE SR. TREVINO,** *et al* | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 16-07024** |
| | § | |
| **SELECT PORTFOLIO SERVICING, INC.,** | § | |
| *et al* | § | |
| Defendants | | |

**MEMORANDUM OPINION**
**DENYING PLAINTIFFS' MOTION TO AMEND OPINION**
**AND ORDER DENYING MOTION FOR RECONSIDERATION**
**PURSUANT TO 28 U.S.C. § 1292(b)**
*Resolving ECF No. 165*

## I.  INTRODUCTION

"Once more unto the breach, dear friends, once more."[1]  Pending before this Court is Jose

and Teresa Trevino's ("*Plaintiffs*") "Motion to Amend Opinion and Order Denying Motion for

Reconsideration Pursuant to 28 U.S.C. § 1292(b)" ("*Motion to Amend*") against Select Portfolio

Servicing, Inc. ("*SPS*") and Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as

indenture trustee for the CSMC 2015-RPL1 Trust, Mortgage-Backed Notes, Series 2015-RPL1

("*Wilmington*," and together with SPS, the "*Defendants*").  Plaintiffs' Motion to Amend asks this

Court to: (1) amend its previous Memorandum Opinion and Order "Denying Plaintiffs' Motion

to Reconsider the Court's Order and Opinion of November 14, 2018 Staying These Proceedings

and Compelling the Parties to Arbitration Pursuant to FED. R. BANKR. P. 7054 and FED. R. CIV.

---

[1] William Shakespeare, *King Henry the Fifth*, act 3, sc. 1 (1600).

P. 54(b)" ("*Order Denying Motion to Reconsider*") pursuant to FED. R. BANKR. P. 9023 and 28

U.S.C. § 1292(b) and (2) certify this case for direct appeal to the Fifth Circuit pursuant to 28

U.S.C. § 1292(b).  For the reasons stated *infra*, the Court denies Plaintiffs' Motion to Amend.

## II.   FINDINGS OF FACT

Plaintiffs filed the instant Adversary Proceeding against Defendants on September 26,

2016.[2]  Both parties consented to this Court's authority to enter final judgments.[3]  On June 21,

2018, Defendants introduced the issue of arbitration by filing a motion to compel arbitration.[4]

This Court issued its Memorandum Opinion and Order Granting "Defendants' Motion to Stay

and to Compel Arbitration" ("*Order Compelling Arbitration*") on November 14, 2018.[5]  Fifteen

days later, on November 29, 2018, Plaintiffs filed their "Emergency Motion to Extend Deadline

to File Notice of Appeal Regarding Order Compelling Arbitration" ("*Emergency Motion*").[6]

After Defendants responded,[7] this Court denied Plaintiffs' Emergency Motion ("*Order Denying*

*Emergency Motion*") on December 14, 2018.[8]

Plaintiffs then filed their "Motion to Reconsider the Court's Order and Opinion of

November 14, 2018 Staying These Proceedings and Compelling the Parties to Arbitration

Pursuant to FED. R. BANKR. P. 7054 and FED. R. CIV. P. 54(b)" ("*Motion to Reconsider*").[9]  After

additional briefing by the parties, the Court entered the Order Denying Motion to Reconsider on

March 7, 2019.[10]  Just fourteen days later, on March 21, 2019, Plaintiffs filed their Motion to

---

[2] ECF No. 1.
[3] *See* ECF Nos. 25, 90.
[4] ECF No. 103.
[5] ECF Nos. 138, 139.
[6] ECF No. 143.
[7] ECF No. 150.
[8] ECF No. 151.
[9] ECF No. 152.
[10] ECF No. 161.

Amend.[11]  Defendants filed their response to Plaintiffs' Motion to Amend on April 11, 2019.[12]
Based on the briefs presented, and relevant case law, this matter is ripe for consideration, and the
Court now issues its Memorandum Opinion.

### III.    CONCLUSIONS OF LAW

1. **Jurisdiction, Venue, and this Court's Constitutional Authority to Enter a Final Order.**

   This Court holds jurisdiction pursuant to 28 U.S.C. § 1334 and now exercises its
jurisdiction in accordance with Southern District of Texas General Order 2012-6.[13]  Plaintiffs'
claims are a mixture of non-core and core matters under § 157(b)(2).[14]  Regarding non-core
matters, parties may consent to this Court's entry of appropriate orders and judgments.[15]  Here,
Plaintiffs filed their notice of consent on January 25, 2017,[16] and Defendants filed their notice of
consent on April 27, 2018.[17]  Therefore, all parties have consented, and this Court holds
constitutional authority to enter appropriate orders and judgments.[18]  Finally, venue is governed
by 28 U.S.C. §§ 1408, 1409.  Here, venue is proper because the Court presided over the
underlying Bankruptcy Case.[19]

2. **Plaintiffs' Motion to Amend is Not Properly Before this Court.**

   This is Plaintiffs' third attempt at seeking relief from this Court's Order Compelling

---

[11] ECF No. 165.
[12] ECF No. 166.
[13] *In re: Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).
[14] *See* 28 U.S.C. § 157(b)(2).
[15] *Stern v. Marshall*, 562 U.S. 462, 480; *see also Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1938–40 (2015).
[16] ECF No. 25.
[17] ECF No. 90.
[18] *Wellness*, 135 S. Ct. at 1938–40.
[19] Citations to the docket in this Adversary Proceeding styled Jose Sr. Trevino and Teresa Trevino vs. Select Portfolio Servicing, Inc. and Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Indenture Trustee for CSMC 2015-RPL1 Trust, Mortgage-Backed Notes, Series 2015-RPL1, 16-7024, shall take the form "ECF No. –—," while citations to Trevinos' Bankruptcy, 10-70594 (the "*Bankruptcy Case*"), shall take the form "Bankr. ECF No. ––." *See* Bankr. ECF No. 1.

Arbitration.[20]   Like the other attempts, this Motion fails for a multitude of reasons.  Plaintiffs'

Motion to Amend is brought pursuant to Federal Rule of Bankruptcy Procedure 9023.[21]   Rule

9023 gives Federal Rule of Civil Procedure 59 direct application to bankruptcy cases.[22]   Rule 59,

in turn, provides grounds for post-judgment renewal.[23]   Specifically, Rule 59(e) governs motions

to alter or amend a final judgment.[24]   A Rule 59(e) motion is not the proper vehicle for rehashing

evidence, legal theories, or arguments that could have been offered or raised before the entry of

judgment.[25]   Rather, Rule 59(e)'s narrow purpose is to allow a party to correct manifest errors of

law or fact, to present newly discovered evidence, or upon the court's discretion, to grant a new

trial to prevent an injustice.[26]   Because Rule 59(e) calls into question the correctness of a

judgment, such a motion is an extraordinary remedy that should be used sparingly.[27]

A Rule 59(e) motion is only applicable to final judgments.[28]   A final judgment

conclusively determines the rights and issues of the parties to the litigation and leaves nothing

for the court to do but execute the order[29] or resolve collateral issues.[30]   Here, Plaintiffs' Motion

to Amend asks for this Court to amend its Order Denying Motion to Reconsider pursuant to Rule

9023, and requests that this Court certify the case for direct appeal to the Fifth Circuit pursuant to

28 U.S.C. § 1292(b).[31]   While Plaintiffs cite Rule 9023, they fail to address the applicability of

---

[20] *See* ECF Nos. 143, 152, 165.
[21] ECF No. 165.
[22] *See* FED. R. BANKR. P. 9023.
[23] *See generally* FED. R. CIV. P. 59.
[24] *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).
[25] *See id.*
[26] *Id.* at 336–37; *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 774 (5th Cir. 1995).
[27] *See Austin*, 864 F.3d at 336; *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004); *Delta Eng'g Corp. v. Scott*, 322 F.2d 11, 16 (5th Cir. 1963).
[28] *Austin*, 864 F.3d at 336.
[29] *See, e.g., Ludgood v. Apex Marine Corp. Ship Mgmt.*, 311 F.3d 364, 368 (5th Cir. 2002); *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 839 (5th Cir. 2018).
[30] *See, e.g., Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200, 108 S. Ct. 1717, 1721 (1988); *Ludgood*, 311 F.3d at 368.
[31] ECF No. 165.

Rule 59 anywhere within their Motion to Amend.  Because Plaintiffs seek an amendment to this Court's Order Denying Motion to Reconsider, and Rule 59(e) governs motions to alter or amend a final judgment, Plaintiffs' Motion to Amend must be considered within the confines of Rule 59(e).[32]

Plaintiffs' Motion to Reconsider sought reconsideration of an interlocutory order, not a final judgment.[33]  An interlocutory order is one that "constitutes only an initial step in the bankruptcy process and does not affect the disposition of the assets of the debtor."[34]  This Court's Order Denying Motion to Reconsider is also interlocutory, as it neither disposed of all the issues before this Court, nor conclusively determined the rights of the parties to the litigation, such that there was nothing left for the Court to do except execute the order or resolve collateral issues.[35]  Rather, the Order Denying Motion to Reconsider merely ensured that the parties could proceed to arbitration in accordance with the Order Compelling Arbitration while the case was stayed.[36]  Assuming arguendo, that Plaintiffs' correctly plead a Rule 59(e) motion, the Motion to Amend still fails to persuade this Court to revisit its previous order.

### 3. Plaintiffs Failed To Comply with the Sections Governing the Appellate Process and Procedures Under the FAA,[37] Namely Section 16(b) of the FAA and 28 U.S.C. § 1292(b).

This Court's Order Compelling Arbitration is an interlocutory order.[38]  Section 16(b) of the FAA states that the sole path to appeal an interlocutory order is set forth in section 1292(b) of

---

[32] *Id.*

[33] *See* ECF No. 161 (holding that the Court's Order Compelling Arbitration was interlocutory and not a final judgment).

[34] *In re Hooker Investments, Inc.*, 122 B.R. 659, 661 (Bankr. S.D.N.Y. 1991), *appeal dismissed*, 937 F.2d 833 (2d. Cir. 1991).

[35] *See Ludgood*, 311 F.3d at 368; ECF No. 161

[36] ECF No. 161.

[37] ("*Federal Arbitration Act*").

[38] *See* 9 U.S.C. § 16(b).

title 28.[39]   Section 1292(b) permits interlocutory appeals of district court orders if the (1) the interlocutory order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation.[40]   Under section 1292(b), the trial court must state these findings in its order.[41]   If the district court certified its decision for appeal under 1292(b), the party seeking appellate review has ten days after entry of the order to submit their petition for permission to appeal to the court of appeals.[42]   Because the ten-day limitation is a jurisdictional bar, untimely appeals will be dismissed.[43]

This Court finds itself repeating, again, what it stated earlier: "[t]his Court issued no such written opinion."[44]   This Court's Order Denying Motion to Reconsider was issued on March 7, 2019.[45]   Not only did Plaintiffs file their Motion to Amend on March 21, 2019—four days past the timeline required under section 1292—Plaintiffs' presented no evidence that they timely submitted a petition for permission to appeal to the appellate court.   By missing the ten-day jurisdictional bar to submit their petition for permission to appeal, Plaintiffs' lost their ability to seek appellate review of this Court's Order Denying Motion to Reconsider.[46]

### 4. Plaintiffs Improperly Relied on a Decision that was Decided Under 28 U.S.C. § 158(d)(2) Instead of 28 U.S.C. § 1292(b).

---

[39] *See* 9 U.S.C. § 16(b).

[40] 28 U.S.C. § 1292(b).

[41] *Id.*

[42] 28 U.S.C. § 1292(b); *see Scott v. Ruston Louisiana Hospital Co., L.L.C.*, No. 17-30301, 2017 WL 4764469, at *1 (5th Cir. Aug. 16, 2017) (holding that the procedure for requesting an appeal under section 1292(b) is through a petition for permission to appeal, not a notice of appeal); *cf. In re Nichols*, 21 F.3d 690, 693 (5th Cir. 1994) (holding that if the district court did not certify its decision for appeal, there can be no basis for appellate jurisdiction under section 1292(b)).

[43] *See Aparicio v. Swan Lake*, 643 F.2d 1109, 1111 (5th Cir. 1981) (holding that failure to seek appellate review from an interlocutory order within the ten-day period prescribed by 1292(b) is a jurisdictional defect that deprives the appellate court of power to entertain the appeal).

[44] ECF No. 151.

[45] ECF No. 162.

[46] *See U.S. v. Kwai Fun Wong*, 135 S. Ct. 1625, 1631 (2015) (holding that when a litigant fails to comply with a jurisdictional deadline, such time bar deprives the court of all authority to hear a case).

Section 16 of the FAA regulates the kinds of arbitration-related decisions a litigant may appeal and is divided into two parts: 16(a) and (b).[47]  Section 16(a) permits a review of orders that interfere with arbitration.[48]  For example, section 16(a)(1)(B) allows an appeal of an order denying a motion to compel arbitration.[49]  One mechanism for appellate review is provided in section 158(d)(2), which allows a bankruptcy court to certify an order to the court of appeals to hear the matter.[50]  For an order to be directly appealable to the circuit court under section 158(d)(2), the trial court must certify that: (1) the order involves a question of law as to which there is no controlling decision of the courts of appeals, or involves a matter of public importance; (2) the order involves a question of law requiring resolution of conflicting decisions; or (3) an immediate appeal from the order may materially advance the progress of the case or proceeding in which the appeal is taken.[51]

In sharp contrast to section 16(a), section 16(b) prohibits a review of orders that favor arbitration, except as otherwise provided in section 1292(b).[52]  For example, section 16(b)(2) *disallows* an appeal of an order compelling arbitration, except under section 1292(b).[53]  For a section 16(b) order to be directly appealable to the circuit court under section 1292(b), the trial court must state in its order the findings that: (1) the interlocutory order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) that an immediate appeal from the order may materially advance the ultimate termination of the

---

[47] 9 U.S.C. § 16.
[48] *Id.* at § 16(a).
[49] *Id.* at § 16(a)(1)(B).
[50] 28 U.S.C. § 158(d)(2); *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1695, 191 L. Ed. 2d 621 (2015)
[51] *Id.*
[52] 9 U.S.C. § 16(b).
[53] *Id.* at § 16(b)(2).

litigation.[54]  In other words, while section 158(d)(2) permits certification when any of those three factors exists, section 1292(b) permits certification *only* when every enumerated factor is present.[55]

Plaintiffs' Motion to Amend points to a recent order by one of our sister courts in *Stephanie Marie Henry v. Educ. Fin. Serv., a Division of Wells Fargo Bank, N.A.*[56] as a basis for certifying a direct appeal of the Order Denying Motion to Reconsider.[57]  However, *Henry* involved the direct appeal of an order denying a motion to stay proceedings and compel arbitration subject to section 16(a) and authorized under section 158(d)(2).[58]  Because *Henry* involved an order denying a motion to compel arbitration, such order was directly appealable to the court of appeals under any one of the three factors present in section 158(d)(2).[59]  To the contrary, here, the Court's Order Compelling Arbitration involved the granting of a motion to stay proceedings and compel arbitration.[60]  Appellate review of the Order Compelling Arbitration is only subject to section 16(b) of the FAA and authorized under section 1292(b), and all other sources of appellate jurisdiction are superseded.[61]  Unlike section 158(d)(2), the Court must find that all three factors under section 1292(b) are present before certifying its Order Compelling Arbitration.  As such, Plaintiffs' reliance on *Henry* is misplaced, and *Henry* neither impacts Plaintiffs' Motion to Amend or this Court's decision not to certify its Order Compelling Arbitration to the court of appeals pursuant to section 1292(b).

### 5.  Plaintiffs Have Not Met the 28 U.S.C. § 1292(b) Standard.

---

[54] 28 U.S.C. § 1292(b).
[55] *Compare* 28 U.S.C. § 158(d)(2) *with* 28 U.S.C. § 1292(b); *see also Bullard*, 135 S. Ct. at 1696.
[56] *See* ECF No. 165, Ex. A.
[57] *See* ECF No. 165, ¶ 2.
[58] *See* ECF No. 165, Ex. A.
[59] *See id.*
[60] ECF No. 138.
[61] *See Preferred Care of Del., Inc. v. Estate of Hopkins*, 845 F.3d 765, 769 (6th Cir. 2017).

Assuming that Plaintiffs' Motion to Amend is procedurally proper, Plaintiffs still fall short of section 1292(b)'s test for certification of direct appeal. Section 1292(b) is an element test—certification is only permitted when the three enumerated factors suggesting importance are all present.[62] In appeals from orders of the bankruptcy court, the appeal under section 1292(b) must present exceptional circumstances warranting interlocutory review that justifies a departure from the basic policy of postponing appellate review until after the entry of a final judgment.[63] Therefore this Court only finds it necessary to discuss why one of the elemental factors under section 1292(b) is not met.

An immediate appeal from the Order Compelling Arbitration or the Order Denying Motion to Reconsider will not materially advance the ultimate termination of the litigation. The point in affording parties the discretion to design arbitration processes is to allow for an efficient and streamlined alternative to dispute resolution.[64] The informality of arbitration helps to reduce the cost and increase the speed of dispute resolution.[65] Here, the Court's Order Compelling Arbitration was entered on November 14, 2018.[66] The parties are now heading into the seventh month without submitting to an arbitrator, and this is Plaintiffs' third attempt at circumventing this Court's Order Compelling Arbitration.[67] Allowing an immediate and direct appeal would only delay matters and not help advance the conclusion of this litigation, as resolution of the merits would only be further delayed. Accordingly, Plaintiffs' Motion to Amend is denied.

## IV.   CONCLUSION

Rule 59(e) governs motions to alter or amend a final judgment and serves the narrow

---

[62] *See Bullard*, 135 S. Ct. at 1696.
[63] *In re XO Commc'ns, Inc.*, No. 02–12947 (AJG), 03 Civ. 1898 (DC), 2004 WL 360437, at *5 (S.D.N.Y. Feb. 26, 2004).
[64] *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 269, 129 S. Ct. 1456, 1460 (2009).
[65] *Id.*
[66] ECF No. 138.
[67] *See* ECF Nos. 143, 152, 165.

purpose of allowing a party to correct manifest errors of law or fact, or to present newly discovered evidence.  Plaintiffs' Motion to Amend seeks reconsideration of this Court's Order Denying Motion to Reconsider, which is an interlocutory order. An interlocutory order constitutes only an initial step in the bankruptcy process and does not affect the disposition of the assets of the debtor. Here, because this Court's Order Denying Motion to Reconsider did not conclusively determine the rights of the parties to litigation such that there was nothing left for the Court to do except execute the order, it is an interlocutory order rather than a final judgment. As such, Rule 59(e) does not apply.

Assuming arguendo that Plaintiffs bring a proper Rule 59(e) motion before this Court, the Motion to Amend still fails for a multitude of reasons.  This Court's Order Denying Motion to Reconsider is an interlocutory order.  Section 16(b) of the FAA states that the sole path to appeal an interlocutory order is set forth in section 1292(b) of title 28.  Section 1292(b) in turns requires the court to state in its order a finding of three elements before an immediate and direct appeal shall go before the court of appeals: (1) the interlocutory order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation.  The party seeking appellate review has ten days after entry of the order to submit their petition for permission to appeal to the court of appeals.  This Court issued no such findings in its orders.  Further, Plaintiffs failed to file a petition for permission to appeal to the court of appeals within the ten-day timeline and presented no evidence that they did so.  By missing their ten-day jurisdictional bar, Plaintiffs lost their ability to seek appellate review.

Next Plaintiffs attempted to point to a recent opinion in *Henry* as a basis for certifying a direct appeal of this Court's Order Denying Motion to Reconsider.  However, that particular case

involved a direct appeal of an order denying a motion to stay proceedings and compel arbitration, which was directly appealable to the court of appeals under any one of the three factors present in section 158(d)(2).   Here, the Court's Order Compelling Arbitration ensured that appellate review is barred except through section 1292(b), which is a higher standard to meet than section 158(d)(2).   Plaintiffs' reliance on the ruling in *Henry* is misplaced, and such ruling neither impacts Plaintiffs' Motion to Amend or this Court's decision not to certify its Order Compelling Arbitration to the court of appeals pursuant to section 1292(b).

Lastly, section 1292(b) is an element test; certification for direct appellate review is only permitted when the three enumerated factors suggesting importance are all present.   A section 1292(b) finding must present exceptional circumstances warranting interlocutory review that justifies a departure from the basic policy of postponing appellate review until after the entry of a final judgment.   Here, the Court is not persuaded that allowing an immediate and direct appeal of the Order Compelling Arbitration or the Order Denying Motion to Reconsider will materially advance the ultimate termination of this litigation.   On the contrary, allowing an immediate and direct appeal would only further delay matters, and resolution of the merits would only be further delayed.   As such, Plaintiffs' Motion to Amend fails and must be denied.

SIGNED 06/07/2019.

Eduardo V. Rodriguez
United States Bankruptcy Judge